IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Muhammad WKA Qadir, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 4:09-3170-TLW-JRM |
| The Hartford Insurance Company;<br>Charlene Betancort;<br>H.L. Cooke;<br>Catherine Garbee Griffin;<br>Eleazer Carter;<br>Glenn Walters;<br>John Mills;<br>Ronnie Leviner, | ) |
| Defendants. | ) |

# ORDER

The plaintiff, proceeding *pro se*, filed this civil action on December 8, 2009. (Doc. #1). On December 30, 2009, the United States Magistrate Judge to whom this case was previously assigned issued a Report and Recommendation ("the Report") recommending that this Court dismiss the case without prejudice. Objections to the Report were due on January 21, 2010. No objections having been filed, this Court issued an Order accepting the Report and dismissing this action on January 29, 2010. (Doc. #14). Following the entry of judgment in this case, the plaintiff filed objections to the Report on February 1, 2010. (Doc. #17).

This matter is now before the Court for consideration of the plaintiff's "Notice Objections and Motion to Set Aside Order/Judgment," (Doc. #26), as well as additional *pro se* motions filed after the entry of judgment in this case. In the motion to set aside judgment, the plaintiff contends, among other grounds, that this Court did not consider his objections to the Report. The Court notes

that the plaintiff failed to timely file objections to the Report, and that objections were not filed until several days after this case was dismissed. However, based on close proximity between the time that the case was dismissed and the objections were filed, the Court concludes that it is appropriate to conduct a *de novo* review of the plaintiff's objections. (Doc. #17). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report, the objections. However, the Court has concluded that the objections do not provide a basis for reconsidering this Court's prior Order dismissing this case without prejudice. (Doc. #14).

The Court has fully reviewed the motions and documents filed by the plaintiff following the entry of judgment in this case. The Court concludes that the plaintiff's "Notice Objections and Motion to Set Aside Order/Judgment," (Doc. #26), is **DENIED**.

In addition, all remaining motions in this case are dismissed as **MOOT**. (Docs. #18, #19, #21, #22, #24, #25).

**IT IS SO ORDERED**.

s/Terry L. Wooten
                                                       United States District Judge

May 4, 2010
Florence, South Carolina