IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Muhammad WKA Qadir, )<br>    Plaintiff, )<br>vs. )<br>The Hartford Insurance Company; )<br>Charlene Betancourt; H.L. Cooke; )<br>Catherine Garbee Griffin; Eleazer )<br>Carter; Glenn Walters; John Mills; )<br>Ronnie Leviner, )<br>    Defendants. )<br>_____ ) | Civil Action No.: 4:09-cv-3170-TLW-JRM |

# ORDER

The plaintiff, proceeding pro se, filed this civil action on December 8, 2009. (Doc. # 1). On December 30, 2009, United States Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("the Report") recommending that this Court dismiss this case without prejudice. (Doc. # 12). Objections to the Report were due on January 21, 2010. No objections were filed by this deadline, and this Court issued an Order on January 29, 2010 accepting the Report and dismissing this action without prejudice. (Doc. # 14). Following the entry of judgment in this case, the plaintiff filed objections to the Report on February 1, 2010. (Doc. # 17). The plaintiff also filed a "Notice Objections and Motion to Set Aside Order/Judgment." (Doc. # 26). Even though the plaintiff's objections were not timely filed, this Court conducted a de novo review of the objections because of the close proximity between the time the case was dismissed and the time the objections were filed. (Doc. # 27). On May 4, 2010, this Court signed an Order, which concluded that the

1

plaintiff's objections did not provide a basis to reconsider the Court's January 29, 2010, Order dismissing this case without prejudice. (Doc. # 27). As a result, this Court denied the plaintiff's motion (Doc. # 26) to set aside the order/judgment. (Doc. # 27). Following the entry of this Order, the plaintiff filed a "Motion to Recuse Judges" (Doc. # 29) and a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (Doc. # 30).

After careful review, this Court concludes that the plaintiff's "Motion to Recuse Judges" (Doc. # 29) is **DENIED**. The plaintiff does not sufficiently demonstrate a basis upon which either the United States District Court Judge or the United States Magistrate Judge should have disqualified himself from this case. See, e.g., 28 U.S.C. § 455 (listing grounds upon which a judge should disqualify himself). The plaintiff states he believes that the defendants are friends or relatives of the judges involved in this case. The plaintiff also speculates that one or both of the judges involved in this case probably own stock in the Hartford Insurance Company. However, the plaintiff has not presented evidence demonstrating that either judge has the type of relationship with any of the individuals involved in this case that is prohibited under 28 U.S.C. § 455(b)(5). The plaintiff has also not demonstrated that either judge has a financial interest in this controversy that could be substantially impacted by the outcome. See 28 U.S.C. § 455(b)(4). Among the other grounds asserted by the plaintiff in the motion is an argument that the referral of this case to the Magistrate Judge for pretrial proceedings was improper and that the plaintiff should have been given an opportunity to object to the referral. Through 28 U.S.C. § 636(b), Congress gives authority to a district court to designate "a magistrate judge to hear and determine any pretrial matter pending before the court" except for certain motions listed in Section 636(b)(1)(A). Even with respect to these motions excepted under Section 636(b)(1)(A), a district court "may also designate a magistrate

judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for disposition" of these excepted motions by a judge of the court. 28 U.S.C. § 636(b)(1)(B). Furthermore, Section 636(b)(4) directs district courts to "establish rules pursuant to which the magistrate judges shall discharge their duties." To this end, the United States District Court for the District of South Carolina promulgated a rule, which states that the Clerk of Court shall automatically refer certain matters to a full-time magistrate judge, including "all pretrial proceedings involving litigation by individuals proceeding pro se." Local Civil Rule 73.02(B)(2), DSC. This local civil rule is a valid exercise of the rule-making authority set forth in 28 U.S.C. § 636(b)(4). As a result, because the plaintiff is proceeding pro se, his case is properly subject to being automatically assigned to a magistrate judge for pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2), DSC. Furthermore, the assignment of a case to a magistrate judge by itself is not a basis for disqualifying a judge. After reviewing the plaintiff's motion, this Court finds that no basis is established for disqualification of either judge involved in this case.

The plaintiff also filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and (3). (Doc. # 30). Rule 60(b)(1) provides that a court may relieve a party from a final judgment, order, or proceeding because of "mistake, inadvertence, surprise, or excusable neglect." Similarly, under Rule 60(b)(3), a court may grant relief on the basis of "fraud . . . , misrepresentation, or misconduct by an opposing party." The remedy provided by Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979). "As a threshold matter, the movant must demonstrate the existence of a meritorious claim or defense." Square Constr. Co. v. Washington

Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). A party seeking relief on account of fraud or misconduct "must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." Id. "In consideration of these proofs, the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate in each case." Id.

After careful review, this Court concludes that the plaintiff's Rule 60(b) motion (Doc. # 30) is **DENIED**. The plaintiff has not presented a sufficient basis for relief under Rule 60(b). The plaintiff argues that the Magistrate Judge did not have authority to consider the dispositive issue of whether this case is subject to dismissal. However, 28 U.S.C. § 636(b)(1)(B) provides that a magistrate judge may consider a dispositive issue such as whether a case is subject to dismissal and prepare proposed findings of fact and recommendations for disposition of the case by a District Judge. In this case, the Magistrate Judge prepared the Report recommending dismissal without prejudice, and the District Judge entered an Order accepting the Report. (Docs. 12, 14). Therefore, this Court's actions are entirely consistent with 28 U.S.C. § 636. The plaintiff also argues he was not given a reasonable opportunity to file objections to the Report. However, this Court reviewed de novo the plaintiff's objections to the Report even though they were not timely filed and found they did not provide a basis for reconsidering its prior Order, which accepted the Report and dismissed this case without prejudice. (Doc. # 27). In addition, the plaintiff's argument that several previous orders issued in this care are invalid because of the typewritten-nature of the issuing judge's signature on those orders does not provide a basis for relief. The typed signature on these orders is the duly adopted electronic signature of the issuing judge and is no less valid than a handwritten

4

signature.  In sum, the plaintiff has neither demonstrated the existence of a meritorious claim or defense that would alter the outcome of this case nor provided clear and convincing evidence of fraud or misconduct that prevented him from fully and fairly presenting his claims.  Therefore, after considering all of the arguments made by the plaintiff in support of the motion, this Court finds that the plaintiff has not sufficiently established a basis for relief under Rule 60(b).

For the reasons set forth herein, the plaintiff's "Motion to Recuse Judges" (Doc. # 29) and motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (Doc. # 30) are **DENIED**.

**IT IS SO ORDERED.**

                                            s/Terry L. Wooten
                                            TERRY L. WOOTEN
                                            United States District Judge

March 10, 2011

Florence, South Carolina